[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On January 2, 2001, the plaintiffs, Joseph Geremia, the guardian of the estate of James Santiago, and James Santiago, a minor, filed a three-count revised complaint against the defendants, Jeffery Boyd, M.D. (Boyd) and Waterbury Hospital. The plaintiffs allege that the defendants committed medical malpractice when Boyd discharged James Santiago's father, Jaime Santiago, from the Waterbury Hospital after he had been admitted for a psychiatric evaluation. The plaintiffs allege that while under the defendants' care, Jaime Santiago exhibited signs of mental illness and suicide, and presented an immediate threat of domestic violence to his wife and children. The plaintiffs allege that as a result of the defendants' malpractice in releasing Jaime Santiago from the hospital without any follow-up treatment, and as a result of the defendants' failure to warn Jaime Santiago's wife and family, Jaime Santiago slapped and shook James Santiago, causing James to incur severe injuries. On February 2, 2001, Boyd and Waterbury Hospital filed separate motions to strike the plaintiffs' medical malpractice claims against them, counts one and three respectively. In their motions, the defendants argue that the plaintiffs' claims are legally insufficient because the defendants never had a duty to James Santiago. On February 15, 2001, the plaintiff, Joseph Geremia, filed a memorandum of law in opposition to both motions to strike.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270-71, 709 A.2d 558
(1999). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Id., 580.
The defendants argue that although they had a physician-patient relationship with Jaime Santiago, it is undisputed that they never treated James Santiago. As a result, the defendants argue that they never CT Page 9242 owed a duty to James Santiago and, therefore, the medical malpractice actions cannot stand. In response, the plaintiff argues that, irrespective of a patient-doctor relationship, Boyd, in his capacity as a psychiatrist, had a duty to control Jaime Santiago's conduct when he knew that his patient posed a substantial risk of imminent physical injury to an identifiable class of victims. The plaintiff argues that because the defendants failed to control Jaime Santiago's actions, and because they failed to warn his family of the risk he posed to them, the defendants breached their duty to the Santiago family, which resulted in grave injury to James Santiago.
Malpractice is "defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services." (Internal quotation marks omitted.) Santopietro v. New Haven, 239 Conn. 207, 226, 682 A.2d 106
(1996); Barnes v. Schlein, 192 Conn. 732, 735, 473 A.2d 1221 (1984). "There are four essential elements to a malpractice action. They are: (1) the defendant must have a duty to conform to a particular standard of conduct for the plaintiff's protection; (2) the defendant must have failed to measure up to that standard; (3) the plaintiff must suffer actual injury; and (4) the defendant's conduct must be the cause of the plaintiff's injury." LaBieniec v. Baker, 11 Conn. App. 199, 202-03,526 A.2d 1341 (1987)
In this case, a medical malpractice claim is not an appropriate cause of action against the defendants because James Santiago was not a patient of the defendants. "In order to satisfy the first element of a malpractice action, there must be a duty of care owed to the plaintiff by the defendant. Therefore, it is necessary for the plaintiff to establish a physician-patient relationship." Casner v. Fine, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 462895 (May 22, 1995, Handy, J.); accord Pokorny v. Shafer, Superior Court, judicial court of Hartford-New Britain at Hartford, Docket No. 528375 (February 28, 1994, Wagner, J.). The plaintiffs have inartfully pleaded and commingled in counts one and three causes of action sounding in both medical malpractice and negligence. Nevertheless, construing the allegations most favorably to the plaintiffs, the plaintiffs adequately state a cause of action for negligence alleging breach of duty to take reasonable precautions to prevent threat of imminent injury to an identifiable victim.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.CT Page 9243Partnership, 243 Conn. 552, 566. 707 A.2d 15 (1998). The determination of whether a duty exist between individuals is a question of law. Petriellov. Kalman, 215 Conn. 377, 382, 576 A.2d 474 (1990)
In Fraser v. United States, 236 Conn. 625, 674 A.2d 811 (1996), our Supreme Court held that for the purposes of a negligence action, a psychiatrist may, under certain circumstances, owe a duty to persons other than his or her patient in order to protect such third parties from harm caused by their patient. See id., 632-34. The court stated that "a duty [arises] out of a psychotherapist's knowledge of a patient's specific threats against a specific victim." (Internal quotation marks omitted.) Id., 633. The court stated that a psychotherapist cannot be held liable unless he or she had reason to know that their patient would attack the plaintiff and that the plaintiff was "an identifiable victim, a member of a class of identifiable victims or within the zone of risk to an identifiable victim." Id., 637. Moreover, the plaintiff "must allege not only identifiability but physical injury." Jacoby v. Brinkerhoff,250 Conn. 86, 96-97, 735 A.2d 347 (1999).
The Fraser test was recently applied in Schleael v. New MilfordHospital, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 071253 (May 9, 2000, Sheldon, J.). In Schegel, the court held that because the hospital released its patient knowing that he was going home to reside with his mother and a roommate, the hospital owed a duty to the mother to protect her from, or to warn her of, their patient's propensities for violence. The court noted that although the patient had never threatened his mother, the patient had previously tried to strangle his roommate and he exhibited irrational and delusional behavior toward caregivers during his hospital stay. Id. The court found that because the patient had exhibited violent behavior toward his friends and would-be caregivers, his mother, as the person who would care for him at home, belonged and would continue to belong to an identifiable class of victims. Id.
Pursuant to the test outlined in Fraser, the plaintiffs have sufficiently alleged that the defendants owed a duty to James Santiago. In their revised complaint, the plaintiffs allege, inter alia, that Jaime Santiago was admitted to the Waterbury Hospital for a psychiatric evaluation after he was arrested for beating his wife and exhibiting extremely dangerous behavior. During his evaluation, the defendants evaluated Santiago for homicidal and suicidal behavior. The plaintiffs allege that during their evaluation, the defendants learned that Santiago lived with his wife and three children, and that he had "homicidal thoughts and feelings toward his wife." (Revised Complaint ¶¶ 15-16.)
In addition, the plaintiffs allege that "the defendants learned that he CT Page 9244 had previously slapped his children, damaged a baby changer, kicked a crib, smashed toys and punched holes in the walls of his home." (Revised Complaint ¶ 17.) The plaintiffs also allege that the defendants observed Santiago threatening his wife during a therapy session, and that they knew Santiago worked third-shift and had to take care of his children during the day when he was often sleep deprived. The plaintiffs allege that the day before the defendants released Santiago, Boyd told Santiago that "he could not let him out when there was so much risk of suicide or homicide." (Revised Complaint ¶ 20.) The plaintiffs allege that "[a]t the time of Mr. Santiago's admission and at all times thereafter defendants knew, or should have known the Mr. Santiago's wife and three children were reasonably foreseeable victims of Mr. Santiago's homicidal ideation and propensity for domestic violence." (Revised Complaint ¶ 21.)
Because the plaintiffs allege facts that Jaime Santiago exhibited extreme and homicidal behavior toward his wife and children during his psychiatric evaluation, and because James Santiago, as the child of Jaime Santiago, was "a member of a class of identifiable victims or within the zone of risk to an identifiable victim;" Fraser v. United States, supra,236 Conn. 632-34; the allegations, if true, would establish that the defendants owed a duty to Jaime Santiago's wife and children to protect them from his homicidal tendencies. Moreover, the plaintiffs sufficiently allege the remaining elements of a cause of action for negligence in their revised complaint. Specifically, the plaintiffs allege that the defendants breached their duty to the plaintiffs by failing to control Jaime Santiago or to warn the plaintiffs of the danger he posed to them. The plaintiffs also allege that as a result of the defendants' breach, Jaime Santiago severely injured James Santiago.
For the foregoing reasons, the plaintiffs have sufficiently alleged a cause of action under the doctrine of Fraser v. United States, supra. Accordingly, the court grants the defendants' motion to strike to the extent that counts one and/or three are styled "Medical Malpractice" and/or to the extent that those counts contain allegations asserting a deviation from the standard of care with respect to the care and treatment of Jaime Santiago.
SO ORDERED.
ROBERT L. HOLZBERG, J.